UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STERLING BURNS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16CV00357 ERW |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Sterling Burn's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1].

**I.   BACKGROUND**

On May 14, 1995, Petitioner Sterling Burns ("Petitioner") was convicted by a jury in the Circuit Court of the City of Saint Louis, Missouri to one count of first-degree murder and one count of armed criminal action. The Circuit Court sentenced seventeen-year old Petitioner to life without parole for the first-degree murder conviction and life with the possibility of parole for the armed criminal action conviction.[1] Petitioner appealed his convictions, which were affirmed by the Missouri Court of Appeals, Eastern District.

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held the Eighth Amendment of the United States Constitution prohibits a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. *Id.* at 479. On January 27, 2016, the United States Supreme Court decided the case of *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016),

---

[1] It is unclear to the Court whether Petitioner's sentence for armed criminal action is to be served concurrently or consecutively to his sentence for first-degree murder. Petitioner's petition states the sentences are concurrent and the State's response states they are consecutive. Neither party provided documentation in support.

1

holding the rule of *Miller* must be retroactively applied to persons sentenced to mandatory life without parole for juvenile sentences before *Miller* was decided. *Id.* at 732.

On June 24, 2013, Petitioner filed a petition for writ of *habeas corpus* in the Missouri Supreme Court alleging that his sentence was unconstitutional in light of *Miller*. On March 15, 2016, the Missouri Supreme Court issued an order in Petitioner's case, as well as all other similarly situated cases, stating:

> NOW, THEREFORE, this Court, in order to comply with the constitutional requirements of *Miller* and *Montgomery*, hereby orders that this petition be sustained in part. This petitioner shall be eligible to apply for parole after serving 25 years' imprisonment on his sentence of life without parole unless his sentence is otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of necessary legislation. All other claims alleged in the petition and pending motions are denied without prejudice.

Petitioner filed his Motion to Vacate in this Court on March 16, 2016. On July 13, 2016, the Governor signed into law Missouri Senate Bill No. 590 ("S.B. 590"), 98th General Assembly, which states, in relevant part:

> 1. (1) Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, . . . after serving twenty-five years of incarceration.
> ------
> 4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.
>
> (codified at Mo. Rev. Stat. § 558.047).

On July 19, 2016, the Missouri Supreme Court issued an order, in light of S.B. 590, vacating its March 15, 2016 order granting Petitioner parole eligibility, overruling Petitioner's Motion for Rehearing as moot, and denying Petitioner's state court petition.

In his Amended Petition, Petitioner asserts five claims: (1) the Missouri Supreme Court's July 2016 Order misapplied *Miller* and its progeny and tacitly upheld an unconstitutional act of the Missouri legislature; (2) S.B. 590 is unconstitutional on its face as an *ex post facto* law; (3)

2

Petitioner has been denied his constitutional rights under the Eighth and Fourteenth Amendments to a meaningful sentence and S.B. 590 violates his due process and equal protection rights; (4) S.B. 590 is unconstitutional on its face as a bill of attainder; and (5) Petitioner has been denied the right to counsel under the Sixth Amendment.

## II.     STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court

3

decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id*.

### III. DISCUSSION

Petitioner's claims must be dismissed, without prejudice, because he has not exhausted them in state court.

Section 2254(b)(1) of AEDPA prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Id.* at 179 (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972). The burden is on the Petitioner to show all available state remedies have been exhausted or exceptional circumstances exist. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

Here, Petitioner has not met his burden. Like in *Davis v. Bowersox*, the Court finds "the enactment of S.B. 590 broadens [Petitioner's] claim[s] under *Miller* and *Montgomery*" such that

4

they have not been properly raised before the state courts. No. 16-00246-CV-W-RK, 2017 WL 379463, at *4; *See also Wade v. Wallace*, No. 4:16 CV 378 JCH, 2019 WL 366887, at *4 (E.D. Mo. Jan. 30, 2019) (finding a claim asserting the unconstitutionality of petitioner's sentence despite the application of section 588.047 to be unexhausted); *Hack v. Cassady,* No. 16-04089-CV-W-ODS, 2016 WL 6986712, at *2 (W.D. Mo. Nov. 28, 2016) (finding claims related to the enactment of section 558.047.1(1) and the Missouri Supreme Court's July 19, 2016 Order not to have been exhausted as they had broadened the issues initially raised by petitioner). Furthermore, a possible state court remedy has not yet been foreclosed as Petitioner could raise these claims by filing a petition under Missouri Supreme Court Rule 91. *See Davis v. Griffith,* No. 4:16-CV-377 CAS, 2017 WL 5518022 (E.D. Mo. Nov. 17, 2017) (detailing the potential availability of further state court proceedings in this context).

Petitioner may be precluded from returning to federal court because the one-year period for raising *Miller* claims under the AEDPA has expired. Indeed, this time may have already elapsed as Petitioner has not yet filed a Rule 91 petition, as far as the Court is aware, and S.B. 590 was enacted on July 17, 2016. Nevertheless, a federal application for habeas corpus relief may be subject to equitable tolling where the initial federal petition is timely, and is dismissed on exhaustion grounds after the one-year AEDPA limitations period has passed. *See York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003). While the Eighth Circuit has not yet addressed this issue, the Court notes that the purpose of § 2244(d)(2) is to "'encourage petitioners to seek relief from state courts in the first instance,' thereby giving 'an opportunity to the state courts to correct a constitutional violation.'" *Streu v. Dormire*, 557 F.3d 960, 963–64 (8th Cir. 2009) (quoting Rhines, 544 U.S. at 274, 276).

IV.     **CERTIFICATE OF APPEALABILITY**

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Sterling Burn's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1] is **DISMISSED, without prejudice**.

So Ordered this 12th day of March, 2019.

*E. Richard Webber*

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**