UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STERLING BURNS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-00357-ERW |
| | ) |
| JASON LEWIS,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Sterling Burns' ("Petitioner") Motion to Alter, Amend, or Vacate Judgment. ECF No. 17. Respondent has filed a response in opposition to Petitioner's motion. ECF No. 19.

## I. BACKGROUND

Petitioner was convicted by a jury in the Circuit Court of the City of St. Louis to one count of first-degree murder and one count of armed criminal action. Petitioner was 17 years old at the time of his sentence of life without the possibility of parole. On June 25, 2012, the Supreme Court of the United States held the Eighth Amendment of the United States Constitution prohibits a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. *Miller v. Alabama*, 567 U.S. 460, 479 (2012). On January 27, 2016, the Supreme Court held the rule of *Miller* must be retroactively applied to

---

[1] Jason Lewis is now the warden of the Southeast Correctional Center, where Petitioner is housed. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, Jason Lewis' name is substituted as the named respondent in this action. Future pleadings shall reflect this change in the caption.

persons sentenced to mandatory life without parole for juvenile sentences before the *Miller* decision. *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016).

Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Missouri on June 24, 2013, alleging his sentence was unconstitutional under *Miller*. On March 15, 2016, the Supreme Court of Missouri issued an order in Petitioner's case and other similar cases finding Petitioner was eligible to apply for parole after serving 25 years' imprisonment on his life sentence. Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in federal court the following day.

On July 13, 2016, the Missouri Governor signed into law Missouri Senate Bill No. 590 ("S.B. 590"), 98th General Assembly, which states in relevant part:

> 1. Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration.
> ....
>
> 4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.

*Codified at* Mo. Rev. Stat. § 558.047. On July 19, 2016, the Supreme Court of Missouri vacated its March 15, 2016 order in light of S.B. 590 and denied Petitioner's state court petition.

With respect to Petitioner' federal petition, Respondent filed a response to order to show cause on June 13, 2016, and Petitioner filed a reply on March 13, 2017. Petitioner argued the July 19, 2016 order by the Supreme Court of Missouri failed to satisfy the *Miller* requirement that juvenile offenders be afforded sentencing which takes into account their individual circumstances, and Petitioner's sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. On March 12, 2019, this Court dismissed without prejudice

Petitioner's habeas petition for failure to exhaust his claims in state court. The Court reasoned the enactment of S.B. 590 broadened Petitioner's claims under *Miller* and *Montgomery* such that those claims were not properly raised before the state courts.

## II. MOTION TO ALTER, AMEND OR VACATE JUDGMENT

On April 9, 2019, Petitioner filed the present Motion to Alter, Amend or Vacate the Judgment of March 12, 2019 pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Petitioner argues the Court should correct manifest errors of law or fact and to prevent the manifest injustice that will result if Petitioner serves his unconstitutional state sentence without a full hearing and consideration of his § 2254 habeas petition. Specifically, Petitioner claims the substitution of a right to apply for parole after 25 years is not the Eighth Amendment equivalent of a sentence imposed by a judge on a juvenile defendant after consideration of the defendant's immaturity and capacity for change at the time of the crime and sentencing. He further alleges the State of Missouri has addressed the issue such that the claim is exhausted. Petitioner asserts the Court failed to address this argument in his federal habeas petition, and the Court should vacate its order and address the constitutional argument on the merits. Petitioner also seeks an order granting a certificate of appealability.

In response, the Respondent contends the arguments presented in Petitioner's original state court petition did not present the same factual and legal bases for the relief Petitioner now requests. Therefore, Respondent asserts Petitioner's claims remain unexhausted, and the Court made no clear error of fact or law in its order of March 12, 2019 dismissing Petitioner's § 2254 habeas petition without prejudice.

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The rule makes clear the district

3

court has the power to correct its own mistakes immediately following entry of judgment. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation omitted)). The district court has broad discretion in determining whether to grant a motion under Rule 59(e). *Innovative Home Health Care*, 141 F.3d at 1286 (citations omitted).

Here, the Court finds Petitioner has not shown the Court committed manifest errors of law or fact in determining Petition failed to exhaust his state court remedies. While Petitioner argues he raised the claim that allowing an application for parole was inadequate to remedy the Eighth Circuit Violation recognized in *Miller*, the Court's order held S.B. 590 broadened the claims under *Miller* and *Montgomery*, and Petitioner must exhaust all available state remedies considering the passage of S.B. 590. ECF No. 15 pp. 4-5. Other courts in this district have reached the same conclusion. *See, e.g., Steward v. Lewis*, No. 4:16 CV 407 CDP, 2019 WL 585356, at *3 (E.D. Mo. Feb. 13, 2019) (finding petitioner's "challenges the constitutionality of SB 590 (Mo. Rev. Stat. § 558.047) and the constitutionality of the Missouri Supreme Court's July 2016 order applying SB 590 to his circumstances" were unexhausted because petitioner could pursue relief under Mo. S. Ct R. 91); *Saddler v. Pash*, No. 4:16-CV-00363-AGF, 2018 WL 999979, at *3 (E.D. Mo. Feb. 21, 2018) (denying federal habeas relief where petitioner failed to exhaust his challenges to S.B. 590 in state court); *Williams v. Precythe*, No. 4:16 CV 393 RWS, 2019 WL 1380042, at *2 (E.D. Mo. Mar. 27, 2019) (holding petitioner's claims were changed or broadened by the enactment of S.B. 590, and petitioner failed to meet his burden to demonstrate

the claims have been exhausted or exceptional circumstances render the state habeas process ineffective). Nothing in Petitioner's state court petition mentions the enactment of S.B. 590 or its inadequacy under *Miller*.

The Court thus finds it did not make a clear error of law or fact in determining Petitioner failed to exhaust his state court remedies and dismissing the federal habeas petition without prejudice on that basis. Further, given the consensus among district courts regarding the exhaustion of state court remedies in challenges to S.B. 590, the Court concludes the determination that no certificate of appealability shall issue was not error.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Sterling Burns' Motion to Alter, Amend, or Vacate Judgment [17] is **DENIED**.

Dated this 18th day of December, 2019.

　　　　　　　　　　　　　　　　　　*E. Richard Webber*
　　　　　　　　　　　　　　　　　　─────────────────────────────
　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE